# EXHIBIT "A"

Case 7:20-cv-09904-NSR-JCM Document 1-11 Filed 11/23/20 Page 2 of 9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
--------------------------------------------------------------------------X
NORTHWAY MEDICAL CENTER CONDO,

                                Plaintiff,

            -vs-

THE HARTFORD FINANCIAL SERVICES GROUP,
INC.,

                              Defendant,
--------------------------------------------------------------------------X

**SUMMONS**

Index No.:
Date Index No. Purchased:

        TO THE ABOVE-NAMED DEFENDANT:

        **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** and

required to serve upon Plaintiff's attorney an answer to the complaint in this action within

twenty days after the service of this summons, exclusive of the day of service, or within

thirty days after service is complete if this summons is not personally delivered to you

within the State of New York.

        **YOU ARE FURTHER NOTIFIED** should you fail to answer a judgment will be

entered against you by default for the relief demanded in the complaint.

Dated: Fresh Meadows, New York
        September 14, 2020

                                  /Jonathan E. Neuman/
                                  JONATHAN E. NEUMAN, ESQ.
                                  *Attorney for Plaintiff*
                                  176-25 Union Turnpike, Suite 230
                                  Fresh Meadows, New York 11366
                                  (347) 450-6710
                                  (718) 228-3689 *facsimile*
                                  jnesq@jenesqlaw.com

**Defendant's Address:**
THE HARTFORD FINANCIAL SERVICES GROUP, INC.
c/o C T Corporation System, 28 Liberty Street, New York, NY 10005

**VENUE:**     Plaintiff designates New York County as the place of trial.  The basis of
the venue designated is the address of Defendant.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
NORTHWAY MEDICAL CENTER CONDO,                          **VERIFIED**
                                                       **COMPLAINT**
                                   Plaintiff,
                                                       Index No.

                          -vs-                         **JURY TRIAL DEMANDED**

THE HARTFORD FINANCIAL SERVICES GROUP,
INC.,
                                   Defendant,
-----------------------------------------------------------------------X

Plaintiff, NORTHWAY MEDICAL CENTER CONDO, by its attorney,

JONATHAN E. NEUMAN, ESQ., as and for its Verified Complaint, alleges as follows:

1.  Plaintiff NORTHWAY MEDICAL CENTER CONDO ("Plaintiff" or

"NORTHWAY") is a condominium association with an address at 944 North Broadway,

Yonkers, NY 10701.

2.  Defendant THE HARTFORD FINANCIAL SERVICES GROUP, INC.

("Defendant" or "HARTFORD") is a Delaware corporation registered in New York

County, with a DOS address for service of process at c/o C T Corporation System, 28

Liberty Street, New York, NY 10005.

3.  At all times hereinafter mentioned, Defendant was and still is doing and

transacting business within the State of New York.


**FACTUAL BACKGROUND**

4.  In 2019 Plaintiff had an insurance policy with Defendant that covered direct

physical loss or physical damage for Plaintiff's property at 944 N. Broadway, Yonkers,

NY 10701 (the "Building").

5. In or about July 2019, Plaintiff discovered that rain water had caused the brick on the rear portion of their building to pull away from the rest of the structure, causing substantial damage.

6. The cost to properly repair the damage is estimated at around $1.2 million dollars.

7. This damaged brickwork was the result of an event-based occurrence, thereby implicating coverage under the insurance policy with Defendant.

8. However, in breach of contract, Defendant has refused coverage under the policy.

### AS AND FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT

9. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "8" inclusive, as if more fully set forth herein at length.

10. Plaintiff and Defendant had a binding written agreement for insurance coverage for property damage to the Building.

11. Plaintiff was fully paid up on its insurance premiums.

12. The damage to the Building implicated the insurance policy, and required Defendant to cover the cost of repair to the Building.

13. Defendant, however, failed to fulfill their contractual obligation, and refused coverage under the policy.

14. Defendant thereby materially breached its agreement with Plaintiff.

15. Upon information and belief, Defendant's material breach has caused Plaintiff approximately $1.2 million dollars in compensatory damages.

16. Additionally, implicit in every contract is a covenant of good faith and fair dealing.

Page 2 of 7

17. The covenant of good faith and fair dealing requires an insurer to refrain from, *inter alia*: (i) making an unfounded refusal to pay policy proceeds, (ii) causing an unreasonable delay in making payment, (iii) deceiving the insured, and (iv) exercising any unfair advantage to pressure an insured into settlement of a claim.

18. Implicit in the contract between Plaintiff and Defendant was the understanding that Defendant would abide by all sections of the New York Insurance Law.

19. N.Y. Ins. Law § 2601 prohibits insurers from engaging in "unfair claim settlement practices," and specifies various actions that constitutes such unfair practices.

20. These unfair practices include, *inter alia*:

a) knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;

b) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear; and

c) compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them

21. Accordingly, it is implied under the covenant of good faith and fair dealing in every insurance contract in New York that an insurer will not engage in these practices.

22. Defendant, however, engaged in these practices, by:

a) Misrepresenting the cause of the loss to thereby claim that the loss was not covered by the policy;

b) Refusing to come to a prompt, fair, and equitable settlement of the claim; and

c) Compelling Plaintiff to institute this suit because of Defendant's refusal to pay or even negotiate a settlement.

23. Defendant's bad faith, unjust denial of coverage has thus compelled Plaintiff to bring this suit.

24. Accordingly, Defendant is liable for not only the cost of repair to the Building, but for Plaintiff's consequential damages, including Plaintiff's attorney's fees, costs, and expenses, which were a reasonably foreseeable consequence of Plaintiff being forced to file suit as a result of Defendant's bad faith denial of coverage.

## AS AND FOR A SECOND CAUSE OF ACTION:

### VIOLATION OF N.Y. G.B.L. §349

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" inclusive, as if more fully set forth herein at length.

26. Pursuant to New York General Obligations Law §349, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

27. In the conduct of its business, Defendant advertises to and solicits consumers like Plaintiff NORTHWAY.

28. Defendant advertises that it provides business insurance to just about every industry in New York, and thus it is clear that Defendant's behavior affects not just Plaintiff but New York consumers at large.

Page 4 of 7

29. Defendant implies, if not outright states, that if an insured obtains a policy with Defendant, Defendant will provide good faith insurance coverage to businesses that suffer property loss.

30. However, in categorically denying coverage and refusing to attempt to settle the matter, Defendant denied the very service for which Plaintiff contracted.

31. Upon information and belief, Defendant's behavior with regard to Plaintiff is not unique to Plaintiff, but rather is a pattern of behavior in which Defendant engages, routinely denying property damage coverage and forcing insureds to file lawsuits in order to enforce their insurance policies.

32. Accordingly, Defendant's actions in the conduct of its business have been unfair, deceptive, and materially misleading.

33. As a result of Defendant's deceptive acts, Plaintiff has been injured in the approximate amount of $1.2 million dollars.

34. Pursuant to statute, Plaintiff is also entitled to punitive damages and attorney's fees.

**WHEREFORE,** Plaintiff demands that a judgment be entered against Defendant in the minimum amount of $1.2 million dollars in compensatory damages, together with all consequential damages in an amount to be determined at trial, with pre- and post-judgment interest thereon at the statutory rate, together with attorneys' fees, the costs and disbursements of the within action, and such other, further and different relief which this Court deems just and proper.

Page 5 of 7

Case 7:20-cv-09904-NSR-JCM    Document 1-11    Filed 11/23/20    Page 8 of 9

Dated: Fresh Meadows, New York
      September 14, 2020

/Jonathan E. Neuman/
JONATHAN E. NEUMAN, ESQ.
*Attorney for Plaintiff*
176-25 Union Turnpike, Suite 230
Fresh Meadows, New York 11366
(347) 450-6710
(718) 228-3689 *facsimile*
jnesq@jenesqlaw.com

Page **6** of **7**

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK       )
                                   ) ss.:
COUNTY OF QUEENS        )

JONATHAN E. NEUMAN, an attorney duly admitted to practice law in the State of New York, under penalties of perjury, affirms the following:

That affirmant is the attorney for the Plaintiff in the action within; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to the affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters believes it to be true. The reason this verification is not made by Plaintiff and is made by affirmant is that Plaintiff is not presently located in the county where the affirmant-attorney maintains his office. Affirmant further says that the grounds of his belief as to all matters in the COMPLAINT are based upon conversations with the Plaintiff and a review of evidence relevant to this action.

Dated: Fresh Meadows, NY
September 14, 2020

                                        ____/Jonathan E. Neuman/_____
                                        JONATHAN E. NEUMAN, ESQ.

## ATTORNEY CERTIFICATION

I, JONATHAN E. NEUMAN, ESQ., an attorney, hereby certify that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within papers or the contentions therein are not frivolous within the meaning of 22 NYCRR § 130.1.1(c).

Dated: Fresh Meadows, NY
September 14, 2020

                                        ____/Jonathan E. Neuman/_____
                                        JONATHAN E. NEUMAN, ESQ.

Page 7 of 7