UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTHWAY MEDICAL CENTER CONDO,

      Plaintiff,
    v.

THE HARTFORD FINANCIAL SERVICES
GROUP, INC.,

      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/10/2022__

20 CV 09864 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  Plaintiff Northway Medical Center Condo ("Northway") brings this action against the Hartford Financial Services Group, Inc. ("Hartford"), alleging violation of New York General Business Law §349 ("Section 349") and a common law claim for breach of contract for Hartford's alleged refusal to cover the costs of rainwater damage pursuant to an insurance policy. Presently before the Court is Hartford's partial motion to dismiss the Complaint. (ECF No. 12.) For the following reasons, the motion is GRANTED.

## BACKGROUND

  The following facts are taken from Northway's Complaint (ECF No. 1) and are accepted as true and construed in the light most favorable to Northway for purposes of this motion.

  Northway is a condominium association located in Yonkers, New York. (Compl. ¶ 1.) In 2019, Northway had an insurance policy with Hartford (the "Policy") that covered direct physical loss or physical damage for one of Northway's properties (the "Property"). (*Id*. ¶ 4.) In or about July of 2019, Northway discovered the brick on the rear portion of the Property had pulled away from the rest of the structure due to rainwater. (*Id*. ¶ 5.) The cost to repair the damage is around

1

$1.2 million. (*Id*. ¶ 6.) The damage was caused by an event-based occurrence, which is covered by the Policy. (*Id*. ¶ 7.) Hartford has refused coverage under the Policy. (*Id*. ¶ 8.)

Northway initiated this action on September 14, 2020 in the Supreme Court of the State of New York, County of New York. (ECF No. 1.) Hartford removed the action on November 23, 2020 based on diversity jurisdiction and filed a motion to dismiss on March 24, 2021. (ECF No. 12.)

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

2

In its motion, Hartford avers that (i) the Complaint fails to plead a Section 349 claim; (ii) Northway's claim for punitive damages must be dismissed; (iii) Northway's claim for attorneys' fees must be dismissed; and (iv) Sentinel Insurance Company, Limited ("Sentinel") should be substituted as the proper defendant.[1]  The Court will examine each claim in turn.

I.   **Section 349**

Northway alleges Hartford violated Section 349 by "categorically denying coverage and refusing to attempt to settle the matter," and therefore "den[ying] the very service for which [Northway] contracted" and "[u]pon information and belief" this conduct is "not unique to [Northway], but rather [] a pattern of behavior." (Compl. ¶¶ 30-31.)  Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state[.]" N.Y. Gen. Bus. Law § 349(a).  A plaintiff asserting a cause of action under Section 349 "must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Rephen v. Gen. Motors Corp.,* No. 15-cv-5206 (NSR), 2016 WL 4051869, at *4 (S.D.N.Y. July 26, 2016) (internal quotation marks and citations omitted).  Hartford alleges Northway's claim must be dismissed as it fails to adequately plead all three elements.  (Mem. at 6-11.)  The Court holds that Northway's claim fails at the first element.

In New York, consumer-oriented conduct has "a broader impact on consumers at large." *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 126 (2d Cir. 2000) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (N.Y. 1995)).  Though a

---

[1] Hartford also includes in its memorandum an argument that if Northway is alleging an independent cause of action for breach of the implied covenant of good faith and fair dealing, it must be dismissed. (Defendant's Memorandum of Law in Support of Motion to Dismiss ("Mem.") ECF No. 14, at 4.)  As Northway responded it is not alleging an independent cause of action, (Plaintiff's Memorandum of Law in Opposition to Hartford's Partial Motion to Dismiss ("Opp.") ECF No. 17, at 3), the Court will not address these arguments.

3

plaintiff need not demonstrate a pattern of deceptive conduct, "New York courts have recognized that 'private contract disputes' between the parties do not 'fall within the ambit of the statute.'" *WorldHomeCenter.com, Inc. v. PLC Lighting, Inc.*, 851 F. Supp. 2d 494, 498 (S.D.N.Y. 2011) (quoting *Oswego*, 85 N.Y.2d at 25).

Hartford avers that courts in this Circuit have "uniformly" held that disputes between policy holders and insurance companies concerning the scope of coverage lack the consumer impact necessary for a Section 349 claim. (Mem. at 7.) The Court agrees. *See, e.g., Fishberg v. State Farm Fire & Cas. Co.*, No. 20-cv-6664 (LJL), 2021 WL 3077478, at *4 (S.D.N.Y. July 20, 2021) ("[T]he numerous courts that have considered whether disputes between policy holders and insurance companies concerning the scope of coverage can amount to conduct falling within Section 349 have almost 'uniformly . . . held that such disputes are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to Section 349.'") (citing *DePasquale v. Allstate Ins. Co.*, 179 F. Supp. 2d 51, 62 (E.D.N.Y. 2002)).

Northway's argument focuses on a Second Circuit case that it argues allowed a Section 349 claim against an insurer who was alleged to pay labor rates below the required amount in its insurance policy as a matter of practice. (Opp. at 5-8 (citing *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107 (2d Cir. 2017)). In *Nick's Garage*, the plaintiff, an automobile repair shop, brought claims against the insurer after various vehicle owners assigned their insurance claims to the plaintiff after it repaired their vehicles and submitted damage claims to the insurer. (*Id*. at 111.) The plaintiff brought the Section 349 claim on behalf of the assignees, alleging the insurer failed to pay sufficient funds to fulfill its obligation to repair the damaged vehicles and engaged in deceptive claims processing. (*Id*.) *Nick's Garage* is clearly distinguishable from the

4

instant case, where Northway is alleging deceptive business practices related to its own individual insurance policy only.[2]

While Northway does allege, upon information and belief, that the alleged practice has been used with other consumers, this is insufficient under Section 349. *See Fishberg,* 2021 WL 3077478, at *5 ("Nor has Plaintiff alleged that there is anything universal or general about its dispute with Defendant. It merely makes the conclusory and insufficient 'information and belief' allegation that Defendant's 'offending practice is not an isolated incident, but a consumer-oriented and routine practice that has affected many similarly situated insureds, and does, or has the potential to, affect the public at large.' . . . The same generalized statement, lacking any factual support, could be made in any insurance dispute."); *YMCA of Plattsburgh v. Phila. Indem. Ins. Co.,* No. 8:18-CV-0565 (LEK/DJS), 2018 WL 6267923, at *8 (N.D.N.Y. Nov. 30, 2018) ("Plaintiff alleges simply that Defendant violated § 349 by 'knowingly misrepresenting to [Plaintiff] and, on information and belief, its other New York insured, the provision relating to the coverage at issue,' and claims that Defendant's 'unreasonable and arbitrary interpretation of its policy provisions could result in many small business and not-for-profits being held individually liable for amounts that they cannot afford, and that they reasonably believed were covered.' . . . Such conclusory allegations are insufficient to support the 'consumer oriented' prong of § 349."). Therefore, Northway's Section 349 claim fails.

Northway also references Sentinel's last-available quarterly filing and Financial Statement to show that Hartford has engaged "in the practice of wholesale denial of claims." (Opp. at 6.)

---

[2] This is also true of Northway's other cited case, *Endemann v. Liberty Ins. Corp.*, 390 F. Supp. 3d 362, 380 (N.D.N.Y. 2019), which involved an insurance policy that consisted of "a consumer-oriented standard form product" that was "offered and [] available to consumers at large," and "regularly used by [the insurer] in the inducement of individual consumers in the market . . . ." Even with these allegations, the court held the plaintiff's claim was only "nudge[d] . . . across the line from conceivable to plausible." *Id.*

However, "[a] plaintiff cannot oppose a motion to dismiss through assertions of facts and references to documents not reflected in the complaint at issue[.]" *Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 175 (S.D.N.Y. 2002). Further, in deciding a motion to dismiss, a court "may review only a narrow universe of materials" without converting the motion into one for summary judgment. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). This generally includes "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). As Northway has not shown that the two Sentinel documents fall into any of these categories, the Court will not consider Northway's allegations regarding them.

Accordingly, Northway's Section 349 claim is dismissed with prejudice.

## II. Punitive Damages

Hartford next argues that Northway's request for punitive damages must be dismissed as punitive damages are not recoverable for breach of contract claims. (Mem. at 11.) As Northway's Section 349 claim has been dismissed, it may only be awarded damages under its breach of contract claim. Under New York law, "damages arising from the breach of a contract will ordinarily be limited to the contract damages necessary to redress the private wrong," however, "punitive damages may be recoverable if necessary to vindicate a public right." *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 315 (1995). To recover punitive damages on a breach of contract claim, "(1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must be of [an] egregious nature . . .; (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public." *Scottsdale Ins. Co. v. McGrath*, No. 19-cv-07477

(LJL), 2021 WL 3077578, at *13 (S.D.N.Y. July 19, 2021) (citing *Matter of Part 60 Put-Back Litig.*, 141 N.Y.S.3d 410, 422 (2020)).

Here, Northway alleges that "punitive damages can be awarded in bad faith insurance claims even between individual insureds and insurers." (Opp. at 9.) However, Northway is bringing a breach of contract action, and it fails to show why it believes it can seek punitive damages under the alleged facts. The two cases Northway cites are not helpful. *25 Bay Terrace Assocs., L.P. v. Pub. Serv. Mut. Ins. Co.*, 144 A.D.3d 665, 667–68 (2d Dep't 2016) (allowing plaintiff to pursue punitive damages where plaintiff alleged a cause of action for breach of contract and an independent cause of action for the breach of the implied covenant of good faith and fair dealing); *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 167 (2d Dep't 2010) (refusing to dismiss claim for punitive damages where they were sought pursuant to a Section 349 claim). As Northway has failed to show how the Complaint alleges an independent tort, egregious nature, or a pattern directed at the public, Northway cannot be awarded punitive damages.

Accordingly, Northway's claim for punitive damages is dismissed.

### III. Attorneys' Fees

Hartford next alleges that it is "well-settled that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." (Mem. at 13 (citing *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006)). In response, Northway argues that "an insured can seek a recovery of attorney's fees as consequential damages in cases involving first party bad faith." (Opp. at 10-11). Northway cites to two decisions from the New York Court of Appeals for this proposition, *Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008) and *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York* 10 N.Y.3d 187, 192 (2008). However, "New York courts have held that the background

principle that an insured may not recover fees incurred when it brings an action against an insurer for breach of contract has not been altered by the opinions of the New York Court of Appeals in [these two cases]." *Fishberg*, 2021 WL 3077478, at *7 n.2 (collecting cases).

Northway also appears to be asserting that its claim fails under the exception discussed in *Sukup v. State*, 19 N.Y.2d 519, 522 (1967). In this case, the Court of Appeals suggested that an exception may exist when the insured can make "a showing of such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Id*. There is "a strong presumption in New York against a finding of bad faith liability by an insurer" which "can be rebutted only by evidence establishing that the insurer's refusal to defend was based on 'more than an arguable difference of opinion' and exhibited 'a gross disregard for its policy obligations.'" *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 624–25 (2d Cir. 2001) (citing *Sukup*, 19 N.Y2d at 522. Here, Northway has failed to assert any allegations showing bad faith or a gross disregard for Hartford's obligations under the Policy. Instead, the Complaint's allegations consist of no more than a difference of opinion about coverage under the Policy, and conclusory allegations. *See YMCA of Plattsburgh*, 2018 WL 6267923, at *8 ("As Plaintiff has alleged no underlying facts to support a finding of bad faith, other than 'an arguable difference of opinion between carrier and insured over coverage' . . . and conclusory allegations . . . the Court will not 'impose extra-contractual liability' for attorneys' fees.") (citing *Sukup*, 19 N.Y.2d at 522)).

Accordingly, Northway's request for attorneys' fees is dismissed.

IV.     **Substitution**

Lastly, Hartford alleges that the true party in interest is Sentinel, a wholly owned subsidiary of Hartford that issued the insurance policy at issue. (Mem. at 13.) Northway does not object the substitution. (Opp. at 12.) Accordingly, Hartford's request for a substitution is granted.

8

**CONCLUSION**

For the foregoing reasons, Hartford Financial Services Group, Inc.'s partial motion to dismiss is GRANTED. Northway Medical Center Condo's breach of contract claim is its only surviving claim. Hartford Financial Services Group, Inc. is dismissed as the defendant and substituted with Sentinel Insurance Company, Limited. Sentinel is directed to answer the complaint on or by February 1, 2022.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 12.


Dated: January 10, 2022                                   SO ORDERED:
White Plains, New York

                                                          _____
                                                          NELSON S. ROMÁN
                                                          United States District Judge