**MANDATE**

7:20-cv-09864-NSR-JCM

24-2468-cv
*Northway Medical v. Sentinel Insurance*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand twenty-five.

Present:

> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

USDC SDNY

DOCUMENT

ELECTRONICALLY FILED   7/14/2025

---

NORTHWAY MEDICAL CENTER CONDO,

> *Plaintiff-Appellant*,

v.                                                              24-2468-cv

SENTINEL INSURANCE COMPANY, LIMITED,

> *Defendant-Appellee*,

THE HARTFORD FINANCIAL SERVICES GROUP, INC.,

> *Defendant*.

---

For Plaintiff-Appellant:          Jonathan E. Neuman, Law Offices of Jonathan E. Neuman, Esq., Fresh Meadows, NY.

**MANDATE ISSUED ON 07/14/2025**

For Defendant-Appellee:                    CHERYL F. KORMAN (Michael A. Troisi,
                                           Laura J. Gindele, *on the brief*), Rivkin
                                           Radler LLP, Uniondale, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Northway Medical Center Condo ("Northway") appeals from a judgment entered on August 21, 2024, granting summary judgment to Defendant-Appellee Sentinel Insurance Company, Limited ("Sentinel") and denying Northway's cross-motion for summary judgment. Northway brought suit in the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*) against Sentinel, alleging that Sentinel breached an insurance contract by denying coverage for damage to a building owned by Northway. The district court dismissed the case, holding that there was no genuine issue of material fact as to whether the insurance policy excluded coverage for the damage the building incurred. *See Northway Med. Ctr. Condo v. Hartford Fin. Servs. Grp., Inc.*, 745 F. Supp. 3d 170 (S.D.N.Y. 2024). Northway now appeals. We assume the parties' familiarity with the case.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021).[1] "Summary judgment is required if there is no genuine dispute as to any

---

[1]    Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

2

material fact and the movant is entitled to judgment as a matter of law." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023). To defeat summary judgment, "nonmoving parties must do more than simply show that there is some metaphysical doubt as to the material facts." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). They "must offer some hard evidence showing that [their] version of the events is not wholly fanciful," and cannot "rely on conclusory allegations or unsubstantiated speculation." *Id*.

Upon an independent review of the record, we conclude that the district court's grant of summary judgment to Sentinel was appropriate. Sentinel presented *prima facie* evidence that the damage to the building was caused by negligent work and/or rust and corrosion, and that coverage for the damage would therefore be excluded under the insurance policy. Northway has failed to provide an alternative explanation for the damage that is supported by evidence in the record. It has consequently failed to present any genuine issue of material fact as to whether coverage is excluded under the insurance policy, or whether an exception to the applicable exclusions applies. We have thoroughly considered Northway's arguments, which are largely the same as those made below, and conclude that they do not provide any basis to disturb the district court's determinations. Accordingly, for substantially the same reasons articulated by the district court in its decision, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3